IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02203-WDM-BNB

KEVIN LAVENT BROWN,

Plaintiff,

v.

H.S.A. SANDY HARRIS,
P. A. GREG ROBINSON,
P. A. CHRISTINE MILLER,
ASST. WARDEN RANDY FOSHEE,
MJR. LINDA MAYFIELD,
CAPT. ELOY JARAMILLO,
LT. MIKE TRITZ, and
WARDEN JAMES ABBOTT,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Request to Limit Defense for Permanent Injunction** (the "Motion"), filed December 2, 2005. I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). He filed his Prisoner Complaint (the "Complaint") on October 21, 2005. The Complaint asserts one claim for violation of the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. The claim arises out of the DOC's treatment of the plaintiff's hip pain.

The plaintiff seeks an order enjoining prison officials and the Attorney General of Colorado from asserting defenses or arguments of law that are not asserted in the DOC's response to the inmate's Step 3 grievance.  The order is to apply "in this case and in any #1983 Civil Rights complaint filed by any prisoner in the future."  *Motion*, p. 5.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The plaintiff's Motion is patently frivolous.   The requested relief is totally unrelated to the claim asserted in this prisoner civil rights action.  Moreover, the request seeks an injunction against individuals who are not named in this case.  Where "entry of injunctive relief in [the plaintiff's] favor would have no effect on the defendants' behavior," the plaintiff's requests for injunctive relief must be denied.  Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997). Finally, the plaintiff does not discuss any of the Lundgrin factors, nor does he provide any competent legal support for his request.

I respectfully RECOMMEND that the plaintiff's Request to Limit Defense for Permanent Injunction be DENIED AS FRIVOLOUS.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 1, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge