IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02203-WDM-BNB

KEVIN LAVENT BROWN,

    Plaintiff,

v.

H.S.A. SANDY HARRIS, et al.,

    Defendants.

---

**ORDER ON RECOMMENDATION AND ORDER OF MAGISTRATE JUDGE**

---

This case is before me on (1) the Recommendation of United States Magistrate Judge Boyd N. Boland filed June 27, 2006 (Docket No. 46) that the Permission to File Motion for Supplemental Pleadings (Docket No. 41) and Motion for Supplemental Pleadings (Docket No. 44) be denied as moot; and (2) the Order of United States Magistrate Judge Boyd N. Boland filed November 17, 2006 (Docket No. 69), denying Plaintiff's Motion for Supplemental Pleadings (Docket No. 67) without prejudice. For the reasons set forth below, the recommendation and order are accepted as modified pursuant to this order.

    1.    <u>June 27, 2006 Recommendation</u> (Docket No. 46)

Plaintiff filed two documents (Permission to File a Motion for Supplemental Pleadings [Docket No. 41]; Motion for Supplemental Pleadings [Docket No. 44]) (collectively, "First Motion to Supplement"), seeking to supplement his complaint by

adding allegations concerning events occurring just before and after the filing of this action in November 2005. Magistrate Judge Boland recommended that the First Motion be denied as moot because of a previously filed recommendation that the case be dismissed in its entirety (see Recommendation filed June 27, 2006). Plaintiff did not file a timely objection to the recommendation and is therefore not entitled to *de novo* review. See 28 U.S.C. § 636(b)(1). I have reviewed the file and the recommendation. I accept the recommendation but for different reasons than those set forth by Magistrate Judge Boland.

In my order dated September 29, 2006 (Docket No. 53), I accepted only part of the recommendation to dismiss; accordingly, the motion to supplement is not moot on this basis. However, I note that Plaintiff filed a Motion for Supplemental Pleadings on November 17, 2006 (Docket No. 69), again seeking to supplement the allegations in the complaint ("Second Motion to Supplement"). The Second Motion to Supplement contains identical allegations as the First Motion to Supplement, but also includes allegations of more recent events. I deem the First Motion to Supplement to be abandoned or superseded by Plaintiff's second motion. Accordingly, I agree that the First Motion to Supplement should be denied as moot.

2.  November 17, 2006 Order (Docket No. 69)

In the Second Motion to Supplement, Plaintiff purported to supplement his complaint by adding allegations concerning events occurring from October 5, 2005 to November 7, 2006 and asserting another claim for violations of his Eighth Amendment rights. Magistrate Judge Boland construed the document as an effort to amend the complaint and denied the motion without prejudice, ordering Plaintiff to seek leave to

file an amended complaint, to detail the proposed amendment and reasons why the amendments are necessary, and to attach a proposed amended complaint in an approved form. Plaintiff filed a timely objection to the order, asserting that he sought to supplement his complaint pursuant to Fed. R. Civ. P. 15(d), not amend. For the reasons set forth below, I affirm the order.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, I shall modify or set aside any portion of Magistrate Judge Boland's order found to be clearly erroneous or contrary to law. I have reviewed the motion, the complaint, the order, and other pleadings in the record. The Second Motion to Supplement includes allegations that both precede and follow the filing of the original complaint in this action; therefore, it can properly be considered a motion to amend and to supplement the complaint. I agree with Magistrate Judge Boland that Plaintiff is required to file a motion pursuant to Fed. R. Civ. P. 15(a) and (d), providing an explanation for why amendment/supplementation is necessary and attaching a proposed new complaint. Since a responsive pleading has been filed, Plaintiff may only amend his complaint upon leave of the court. Fed. R. Civ. P. 15(a). Similarly, Rule 15(d) permits supplementation of a pleading only upon motion of a party and reasonable notice.

I also agree with Magistrate Judge Boland that the plaintiff may not simply file piecemeal amendments and supplements to his complaint. Rule 15 permits supplemental pleadings "upon such terms as are just." I conclude that it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document. *Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) ("Rule 15(d) gives trial courts broad discretion to

permit a party to serve a supplemental pleading setting forth post-complaint transactions, occurrences or events.") Magistrate Judge Boland's order is not contrary to law or clearly erroneous. Accordingly, it is ordered:

1. The recommendation filed June 27, 2006 (Docket No. 46) is accepted as modified.

2. Plaintiff's Permission to File a Motion for Supplemental Pleadings (Docket No. 41) and Motion for Supplemental Pleadings (Docket No. 44) are denied as moot.

3. The Order filed November 17, 2006 (Docket No. 69) is affirmed.

4. Plaintiff may move to file an amended complaint. The motion should explain any proposed amendments or supplements, explain why such changes are necessary, and include a proposed amended complaint in an approved form, entitled "Amended Complaint" setting forth all of his allegations and claims in this case.

DATED at Denver, Colorado, on December 27, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge