IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02203-WDM-BNB

KEVIN LAVENT BROWN,

Plaintiff,

v.

H.S.A. SANDY HARRIS,
P. A. GREG ROBINSON,
P. A. CHRISTINE MILLER,
ASST. WARDEN RANDY FOSHEE,
MJR. LINDA MAYFIELD,
CAPT. ELOY JARAMILLO,
LT. MIKE TRITZ, and
WARDEN JAMES ABBOTT,

Defendants.

---

# ORDER

---

This matter is before me on the following motions filed by the plaintiff:

1. **Motion to Compel** [Doc. #105, filed 3/27/07];

2. **Motion for an Order Compelling Discovery** [Doc. #110, filed 4/10/07];

3. **Motion to Compel** [Doc. #111, filed 4/10/07];

4. **Motion for Order Compelling Disclosure and Discovery** [Doc. #112, filed 4/10/07];

5. **Motion for an Order Compelling Discovery** [Doc. #121, filed 4/13/07];

6. **Motion to Compel** [Doc. #125, filed 4/13/07];

7. **Motion to Compel** [Doc. #130, filed 4/13/07]; and

8. **Motion for an Order Compelling Discovery** [Doc. #131, filed 4/13/07];

The plaintiff is currently incarcerated by the Colorado Department of Corrections. He filed his Prisoner Complaint (the "Complaint") on October 21, 2005. The Complaint asserts one claim for violation of the Eighth Amendment right to be free of cruel and unusual punishment. The claim is based on the plaintiff's difficulty in securing a lower bunk to help relieve the chronic pain in his hip.

The plaintiff seeks to compel responses to 146 interrogatories and 26 requests for production of documents. Many of the plaintiff's discovery requests are vague, overly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Exemplary of many of the plaintiff's discovery requests to the defendants are the following production requests to Warden James Abbott:

(1) "[t]he complete records of all Defendants, to include arrests, complaints filed by staff members and inmates, reprimand(s), and all complaints filed in Courts(s), Federal and State," *Motion for Order Compelling Disclosure and Discovery* [Doc. #112], Request for Production No. 1;

(2) "[a]ny and all rules, regulations, and policies of the Colorado Department of Corrections that contain, mention, construe, and refer to policies for inmates with identified significant health care problems," id. at Request for Production No. 6;

(3) "[a]ny and all rules, regulations, and policies of the Colorado Department of Corrections that contain, mention, construe, and refer to the Health Insurance Portability and Accountability Act (HIPPA)," *Motion for an Order Compelling Discovery* [Doc. #110], Request

2

for Production No. 15; and

(4) "[t]he entire documents of the Health Insurance Portability and Accountability Act,(HIPPA)," id. at Request for Production No. 16.

The plaintiff filed, over a 2-1/2 week period, eight motions to compel that are, in large part, frivolous.  I find that the plaintiff is engaged in a pattern of abusive conduct.  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

IT IS ORDERED that the Motions are STRICKEN.

IT IS FURTHER ORDERED that, in connection with the discovery issues raised here, the plaintiff may file a single motion to compel discovery with the text of the motion not to exceed 10 typewritten pages, double spaced.  The plaintiff shall attach to the motion a copy of all discovery requests and responses that are at issue.  I caution the plaintiff against pursuing improper discovery requests or continuing to engage in abusive litigation conduct in connection with discovery matters.

Dated April 17, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge