IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02203-WDM-BNB

KEVIN LAVENT BROWN,

Plaintiff,

v.

H.S.A. SANDY HARRIS,
P. A. GREG ROBINSON,
P. A. CHRISTINE MILLER,
ASST. WARDEN RANDY FOSHEE,
MJR. LINDA MAYFIELD,
CAPT. ELOY JARAMILLO,
LT. MIKE TRITZ, and
WARDEN JAMES ABBOTT,

Defendants.

_____

**AMENDED ORDER**
_____

This matter is before me on the following motions filed by the plaintiff on October 1, 2008:

1. **Motion Requesting Copys** [sic] [Doc. #214];

2 **Motion Seeking Help of this Court to Help Plaintiff Recive** [sic] **Counsel** [Doc. #215]; and

3. **Motion to Compel Duly Authenticated Medical Files** [Doc. #216].

The plaintiff requests that the court provide to him copies of numerous documents filed in this case. Free copies are not available. The plaintiff may, however, request copies directly from the office of the Clerk of the Court at the rate of 50¢ per page. A notice of the cost of

requested copies will be issued after the cost is determined. The copies will be sent to the plaintiff upon receipt of full payment.

The plaintiff also seeks an order compelling the defendants to provide to him copies of his "full medical files 1, 2, 3, & 4" and "a duly authenticated document stating as fact that the copys [sic] of Plaintiff's Medical files are from the original medical files as evidence in his case." The plaintiff claims that the defendants previously provided him with copies of the medical files, but they were "not duly authenticated."

The plaintiff's request for production is not attached to the Motion, however, nor does the plaintiff set forth verbatim his request and the defendants' response to the request. Local rule of practice 37.1, D.C.COLO.LCivR, specifies the form of discovery motions as follows:

> A motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed.

This is an important requirement. I cannot rule on a motion to compel in an informed manner unless I know precisely what was asked for in the disputed discovery and precisely what the response to the request was.

Moreover, the plaintiff's request is untimely. The discovery deadline was May 2, 2007. *Scheduling Order* [Doc. 62, entered 11/2/06]. The plaintiff does not provide any explanation for failing to seek an order to compel these documents prior to the close of discovery.

Finally, the plaintiff requests that the court obtain volunteer counsel to assist him with this case. This is the plaintiff's fourth request for appointment of counsel. For the reasons stated

in my Order of February 24, 2006 [Doc. #30], the request is denied. Although the plaintiff asserts that he needs help conducting discovery, I note that discovery is closed and the plaintiff has not made a proper request to amend the Scheduling Order to extend the discovery deadline.

IT IS ORDERED that the Motions are DENIED.

Dated October 21, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge